**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-68-RJC
3:16-cr-326-RJC-DCK-1**

| | |
|---|---|
| **CASSELL ANTHONY KUOH,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* "Motion Pursuant to Title 28, United States Code, Section 2255." (Doc. 1).

Petitioner was indicted in the underlying criminal case for a single count of conspiracy to commit wire fraud. (3:16-cr-326, Doc. No. 11). He pled guilty pursuant to a written plea agreement. Petitioner specifically acknowledged in the written agreement that he is aware of the statutory maximum sentence for the offense of 20 years' imprisonment, that the Court has not yet determined the sentence, that any prediction is not binding on the Court, that the Court has final discretion to impose any sentence up to the statutory maximum, and that Petitioner will not be permitted to withdraw his plea as a result of the sentence imposed. (Id., Doc. No. 32 at 1-2). The plea agreement provides that the parties would jointly recommend findings of a loss amount in excess of $9,500,000 but less than $25,000,000, a 20-level enhancement for the loss amount, a two-level enhancement for sophisticated means, and a four-level enhancement for role as organizer or leader. (Id., Doc. No. 32 at 2). The agreement provides that either party may seek a departure or variance and that the United States will inform the Court and probation office of all facts

1

pertinent to the sentencing process. (Id., Doc. No. 32 at 2-3). Petitioner expressly waived his right to contest the conviction and/or sentence on direct appeal or post-conviction motion except for claims of ineffective assistance of counsel or prosecutorial misconduct. (Id., Doc. No. 32). The Court accepted the plea. (Id., Doc. No. 34).

The PSR calculated the base offense level as seven for a violation of 18 U.S.C. § 1343. (Id., Doc. No. 46 ¶ 33). A total of 25 levels were added for specific offense characteristics, *i.e.*, 20 levels for a loss amount more than $9,500,000, two levels because the offense included 10 or more victims, and two levels because the offense involved sophisticated means. (Id., Doc. No. 46 at ¶¶ 34-36). Four levels were added because Petitioner was an organizer or leader of a criminal activity involving five or more participants. (Id., Doc. No. 46 at ¶ 38). Three levels were deducted for acceptance of responsibility, resulting in a total offense level of 32. (Id., Doc. No. 46 at ¶¶ 42-44). Petitioner had no criminal history points and a criminal history category of I. (Id., Doc. No. 46 at ¶¶ 48-49). The resulting advisory guidelines range was 121 to 151 months' imprisonment. (Id., Doc. No. 46 at 67).

The Court adopted the PSR without change and granted the Government's motion for a downward departure. See (Id., Doc. No. 66). In a judgment docketed on August 14, 2017, the Court sentenced Petitioner to 87 months' imprisonment and ordered over $16 million in restitution. (Id., Doc. No. 65). Petitioner did not appeal.

Petitioner filed the instant § 2255 Motion to Vacate on February 4, 2019. (Doc. No. 1 at 11). He contends that his petition is timely pursuant to § 2255(f)(4) which provides that the one-year period of limitation that applies to this section runs from, *inter alia*, "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." He states that his § 2255 Motion to Vacate is timely because he "entered into a

plea agreement with the Government, based on a promise that he will receive a lower sentence on the advice of his attorney … if [he] provided assistance to the Government." (Doc. No. 1 at 4). Petitioner raises three claims for § 2255 relief: (1) counsel was ineffective for failing to file a notice of appeal pursuant to Petitioner's timely request; (2) counsel was ineffective for failing to challenge or object to Petitioner's eight-level sentencing enhancement pursuant to <u>Alleyne v. United States</u>, 570 U.S. 99 (2013); and (3) counsel was ineffective for failing to advise Petitioner on the merits of appealing his sentence.

The § 2255 Motion to Vacate is insufficient to proceed. It is not on the § 2255 form, it has not been signed under penalty of perjury, and Petitioner fails to allege facts to support his contention that the § 2255 Motion to Vacate is timely filed within one year of the date when the facts supporting the claims could have been discovered through the use of due diligence. <u>See</u> Rules Governing Section 2255 Proceedings for the United States District Courts, Rule 2(b)(1)-(3), (5); 28 U.S.C. § 2255(f)(4). Plaintiff shall have **thirty (30) days** in which to file a superseding Amended § 2255 Motion to Vacate in accordance with this Order.

Although Petitioner is appearing *pro se*, he is required to comply with the Local Rules of the United States District Court for the Western District of North Carolina, the Federal Rules of Civil Procedure, and the Rules Governing Section 2255 Proceedings. <u>See</u> Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts ("The Federal Rules of Civil Procedure and the Federal Rules of Criminal Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules."). Rule 8(a) of the Federal Rules of Civil Procedure requires pleadings to contain a "short and plain statement of the claim showing that the pleader is entitled to relief…." Fed. R. Civ. P. 8(a)(2); Rule 2(c), Rules Governing Section 2255 Proceedings for the United States District

3

Courts (the § 2255 motion to vacate must "substantially follow … the form appended to these rules."); see generally LCvR 1.7(d) (the page limit for any civil brief is 25-pages with a 12-point font size, double-spaced). The Amended § 2255 Motion to Vacate will supersede and replace the original § 2255 Motion to Vacate so that any claims not included in the Amended § 2255 Motion to Vacate will be waived. See Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001). The Amended § 2255 Motion to Vacate will be subject to all applicable timeliness and procedural requirements. See generally 28 U.S.C. § 2255(f), (h); Mayle v. Felix, 545 U.S. 644 (2005) (discussing relation back).

Failure to comply with this Order will probably result in dismissal of this case as time-barred.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner shall have **thirty (30)** days in which to file an Amended § 2255 Motion to Vacate in accordance with this Order. If Petitioner fails to file an Amend § 2255 Motion to Vacate within the time limit set by the Court, this action will probably be dismissed as time-barred.

2. The Clerk of Court is directed to mail Petitioner a new § 2255 Motion to Vacate form.

Signed: February 13, 2019

Robert J. Conrad, Jr.
United States District Judge